**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRIGHTVIEW HOLDINGS, INC., a Delaware corporation, and BRIGHTVIEW LANDSCAPES, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT DWYER and MATTHEW DALSEY,<br><br>Defendants. | ) | Civil Action No. 1:25-cv-00792-JLH |

**CONSENT ORDER AND STIPULATED DISMISSAL WITH PREJUDICE**

BrightView Holdings, Inc. ("Holdings") and BrightView Landscapes, LLC ("Landscapes") (Holdings and Landscapes collectively, "BrightView" or "Plaintiff"), Defendant Robert Dwyer ("Dwyer"), and Defendant Matthew Dalsey ("Dalsey" and with Dwyer, "Defendants") (together, the "Parties"), by and through their undersigned counsel, hereby consent to the entry of the following Consent Order and Stipulated Dismissal with Prejudice.

WHEREAS, Defendant Robert Dwyer was formerly employed by BrightView Landscapes, LLC;

WHEREAS, during his employment at BrightView Landscapes, Dwyer entered into four (4) Restricted Stock Grant Agreements (the "Dwyer Agreements") that contained, *inter alia*, non-competition and non-solicitation covenants;

WHEREAS, Dwyer resigned his employment with BrightView effective on or about November 15, 2024;

WHEREAS, in or around November 2024, Dwyer accepted and began employment with Exterior Maintenance Resources, Inc. d/b/a Merit Landscape Solutions ("Merit"), which BrightView alleges competes with BrightView in South New Jersey;

WHEREAS, Defendant Matthew Dalsey was formerly employed by BrightView Landscapes, LLC;

WHEREAS, in connection with his employment at BrightView Landscapes, Dalsey entered into a Restricted Stock Grant Agreement (the "Dalsey Agreement") that contained, *inter alia,* non-competition and non-solicitation covenants;

WHEREAS, Dalsey resigned his employment with BrightView effective on or about March 7, 2025;

WHEREAS, in or around March 2025, Dalsey accepted and began employment with Merit, which BrightView alleges competes with BrightView in South New Jersey;

WHEREAS, BrightView commenced this action against Defendants on June 26, 2025, alleging that Dwyer and Dalsey violated the noncompetition and nonsolicitation covenants in the Dwyer Agreements and Dalsey Agreement by engaging in employment with Merit in South New Jersey and soliciting BrightView customers on Merit's behalf, and further alleging that tortiously interfered with the Confidentiality, Noncompetition, and Nonsolicitation Agreement between BrightView and former BrightView Landscapes and current Merit employee William Hickman, dated March 16, 2023 (the "Civil Action");

WHEREAS, Defendants deny the allegations in the Complaint and have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting, among other arguments, that the restrictive covenants contained in the Dwyer Agreements and the Dalsey Agreement are

unenforceable under Delaware law, and that BrightView failed to state a claim for tortious interference;

WHEREAS, the agreement by Plaintiff and Defendants to enter into this Consent Order is not to be construed as an admission or acknowledgment of liability by any party, but it is entered into solely to avoid the costs and uncertainties of pending litigation;

WHEREAS, Plaintiff and Defendants, in order to resolve this action, have entered into this Consent Order and Stipulated Order of Dismissal with Prejudice (the "Consent Order");

It is therefore STIPULATED AND AGREED by the Parties and their respective counsel as follows:

1. Defined Terms: All capitalized terms in this Consent Order not otherwise defined herein shall have the same meanings as set forth in the Dwyer and Dalsey Agreements.

2. Defendants' Agreement to Certain Restrictive Covenants:

a. **Robert Dwyer.** Dwyer will continue to report to Merit's affiliate brand—Wilcox Landscaping ("Wilcox")—in New Castle, Delaware, through the end of the Restricted Period as set forth in the Dwyer Agreements, which is November 15, 2025 (the "Dwyer Restricted Period"). Dwyer will continue not to have any business development responsibilities in this role during the Dwyer Restricted Period. Rather, Dwyer will oversee day-to-day operations with regard to Wilcox's customers in the Delaware market. For the avoidance of doubt, Dwyer will not perform any services for Merit and/or Wilcox aside from those set forth in this Paragraph and/or outside the Delaware market. Dwyer shall also comply with the full scope of the non-solicitation provisions contained in the Dwyer Agreements including, but not limited to, the terms requiring that: (i) Dwyer shall not, directly or indirectly, attempt to and/or solicit, divert, or appropriate, or accept business

from, any person or entity that had been a BrightView Customer at any time during the year preceding Dwyer's resignation from BrightView, for a period ending on November 15, 2025; and (ii) directly or indirectly attempt to and/or solicit the employment of any person who was employed by the Company Group as of the date of Dwyer's resignation from BrightView on November 15, 2024, for a period ending on November 15, 2025.

b. **Matthew Dalsey.** Dalsey will continue to work as an account manager for Merit in Merit's central New Jersey market above Interstate 195 and will remain in this role through the end of the Restricted Period as set forth in the Dalsey Agreement, which is March 7, 2026 (the "Dalsey Restricted Period"). Dalsey will continue not to have any business development responsibilities in this role during the Dalsey Restricted Period. Rather, Dalsey will continue to manage existing Merit accounts and selling enhancements to those accounts. For the avoidance of doubt, Dalsey will not perform any services for Merit aside from those set forth in this Paragraph and outside the central New Jersey market above Interstate 195. Dalsey shall also comply with the full scope of the non-solicitation provisions contained in the Dalsey Agreement including, but not limited to, the terms requiring that: (i) Dalsey shall not, directly or indirectly, attempt to and/or solicit, divert, or appropriate, or accept business from, any person or entity that had been a BrightView Customer at any time during the year preceding Dalsey resignation from BrightView, for a period ending on March 7, 2026; and (ii) directly or indirectly attempt to and/or solicit the employment of any person who was employed by the Company Group as of the date of Dwyer's resignation from BrightView on March 7, 2025, for a period ending on March 7, 2026.

c. **No Admission of Breach or Liability.** Defendants' agreement to and implementation of the terms set forth in Paragraphs 3(a)–(b) shall not be construed as a concession of breach or liability, nor an admission that the restrictive covenants in the Dalsey Agreement or the Dwyer Agreements are enforceable as a matter of law.

3. Defendants' Representations Regarding Their Conduct: Dwyer and Dalsey shall not retain, disclose, or use any BrightView Confidential Information. Defendants represent that they are not in possession of any BrightView Confidential Information and have not possessed any BrightView Confidential Information since the commencement of this action on June 26, 2025.

4. Notice and Cure Period: Notwithstanding anything to the contrary in this Consent Order, in the event that Plaintiff has reason to believe that Dwyer and/or Dalsey has violated any of the terms of this Consent Order, Plaintiff shall provide Defendants with written notice to all counsel in this Civil Action of the suspected violation and demand that the suspected violation be sufficiently explained, resolved or cured within three (3) business days of the date that notice is provided (the "Cure Period"), prior to seeking any remedies available with respect to such alleged violation. If the violation is not cured or otherwise resolved to the satisfaction of Plaintiff within the Cure Period, then Plaintiff can pursue all claims and damages to which it may be entitled in law and equity against the Defendant or Defendants that are violating the Consent Order.

5. Court's Retention of Jurisdiction: The Court shall retain jurisdiction for the purpose of enforcing this Consent Order.

6. Dismissal of Civil Action: Subject to the Court's retention of jurisdiction for the purpose of enforcing this Consent Order as set forth in Paragraph 5, the Civil Action shall be dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), without attorneys' fees or costs to any party.

Respectfully submitted,

KLEHR HARRISON HARVEY BRANZBURG

/s/ Thomas Ayala
Thomas Ayala
Alyssa M. Radovanovich
919 N. Market Street, Suite 1000
Wilmington, DE 19801
tel: (215) 569-2700
tayala@klehr.com
aradovanovich@klehr.com

*Attorneys for Plaintiffs BrightView Holdings, Inc. and BrightView Landscapes, LLC*

PRICKETT, JONES & ELLIOTT, P.A.

/s/ J. Clayton Athey
J. Clayton Athey
Caitlin Whetham
1310 N King Street
Wilmington, DE 19801
302-888-6507
jcathey@prickett.com

James S. Yu (pro hac vice)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
T. (212) 218-5500
Email: jyu@seyfarth.com

*Attorneys for Defendants Robert Dwyer and Matthew Dalsey*

Dated: October 20, 2025

**SO ORDERED** this 22nd day of October, 2025.

**BY THE COURT:**

The Honorable Jennifer L. Hall
United States District Court



4911-9301-3620, v. 1